IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAXIMUS ALUGBUO NGBEMENEH     \*
               Petitioner,
     v.                             \*   CIVIL ACTION NO. JFM-09-1071

WARDEN                             \*
              Respondent.
                                    \*\*\*

**MEMORANDUM**

I.     INTRODUCTION

     This motion for release, construed as a 28 U.S.C. § 2241 petition for habeas corpus relief, was filed on April 27, 2009. Respondent has filed a court-ordered answer. For reasons to follow the court finds that it has no jurisdiction over the matter. Consequently, the petition shall be dismissed.

II.     BACKGROUND

     By way of background, petitioner seeks release from confinement complaining that he has "a non-deportable charge, which should have been no charge at all." Paper No. 1. He complains that in 1996 he was pulled over for a traffic stop in Prince George's County, Maryland, handcuffed, beaten by over 30 officers, and charged with disorderly conduct. *Id*. Petitioner asserts he was sentenced to one year of unsupervised probation. *Id*. He further alleges that he was arrested by immigration authorities and previously detained for over 700 days and then released without an identification or "green" card. *Id*. Petitioner maintains that he should be released for health reasons.[1] *Id*.

---

[1]      Petitioner, who is detained at the Worcester County Jail, claims that he was diagnosed with bi-polar disorder and should be going through evaluation at a mental health hospital, not at a detention center. Paper No. 1. He additionally alleges that he has serious health problems associated with injuries he received from vehicle accidents in 2004 and 2007. *Id*.

According to respondent, petitioner is a citizen of Nigeria who was admitted to the United States on April 6, 1991. In 1993, he was convicted in Prince George's County of theft under $300.00 and sentenced to 30 days incarceration. Paper No. 5, Exs. A & C. In 1996, petitioner was convicted in Prince George's County of battery and sentenced to one year incarceration. *Id*.

On May 18, 2000, Immigration Judge John Gossart found petitioner removable as an alien convicted of an aggravated felony/crime of violence and as an alien convicted of a crime involving moral turpitude, under 8 U.S.C. §§ 1127(a)(2)(A)(i) & (iii). *Id*., Ex. A. Petitioner filed a timely appeal with the Board of Immigration Appeals ("BIA"), which dismissed the appeal on April 20, 2001. *Id*. He did not file an appeal with the United States Court of Appeals for the Fourth Circuit. *Id*., Ex. B.

Respondent states that petitioner was originally taken into custody by Immigration and Customs Enforcement ("ICE") on February 28, 2000, but was released under an order of supervision on December 20, 2001. He was taken into custody by ICE Fugitive Operations on March 31, 2009, and is presently detained pending removal. *Id*., Ex. C. Respondent affirms that since his apprehension, ICE has made repeated efforts to obtain a travel document and has successfully repatriated Nigerian criminal aliens over the past five calendar years. *Id*.

III.    ANALYSIS

To the extent that petitioner is challenging and seeking review of his final order of removal, the court lacks subject matter jurisdiction over the matter under the Real ID Act ("RIDA"). RIDA, now codified under 8 U.S.C. § 1252(a), substantially modifies the route aliens must take to seek judicial review of an order of removal and deprives district courts of jurisdiction to judicially review removal orders.

In pertinent part the provision provides that:

[Notwithstanding any other provisions of law..., including 2241 of title 28, United States Code, or any other habeas corpus provision,....a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act....For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651....

Pursuant to RIDA or 8 U.S.C. § 1252(a)(5), authority to consider a challenge to a final order of removal is within the sole and exclusive jurisdiction of the circuit courts. *See Fernandez v. Keisler*, 502, F.3d 337, 346 (4th Cir. 2007); *Schmitt v. Maurer*, 451 F.3d 1092, 1094 (10th Cir. 2006); *Elia v. Gonzales*, 431 F.3d 268, 273, n. 5 (6th Cir. 2005); *Alvarez-Barajas v. Gonzales,* 418 F.3d 1050, 1052 (9th Cir. 2005).

Respondent argues and the undersigned agrees that insofar as petitioner is attacking the underlying grounds for his removal, the court is without jurisdiction to review such a challenge. The court does, however, have jurisdiction to review a habeas corpus challenge to an alien's detention. Title 8 U.S.C. § 1231 provides the statutory authority for the detention and removal of aliens ordered removed. Section1231(a)(6) authorizes the Attorney General to either release or continue to detain an alien. The statutory provision also provides that "an alien ordered removed who is inadmissible under section 1182 of this title; removable under section 1227(a)(1)(c), 1227(a)(2), or 1227(a)(4) of this title; or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision set out in paragraph (3)."

In *Zadvydas v. Davis,* 533 U.S. 678 (2001), the Supreme Court held that post-removal-order detention under § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas,* 533 U.S.

at 689. However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. After six months, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 700. If the Government response fails, the petitioner may be entitled to release from detention. *Id*. *see also Clark v. Martinez*, 543 U.S. 371 (2005) (six-month presumptively reasonable period of post-removal-order detention set out under *Zadvydas* applies to inadmissible aliens).

Petitioner was taken into ICE custody on March 31, 2009. The six-month presumptively reasonable period set out in *Zadvydas* has not yet expired. Further, respondent affirms, through the declaration of Deportation Officer William T. Malone, that ICE is taking all prompt and necessary acts to obtain Nigerian travel documents for petitioner and that ICE has successfully repatriated Nigerian criminal aliens from the United States since 2004. Therefore, I find that petitioner's current detention is lawful pursuant to 8 U.S.C. § 1231(a).[2]

IV. CONCLUSION

The case shall be dismissed in its entirety. A separate Order follows.

Date: July 14, 2009        /s/
                           J. Frederick Motz
                           United States District Judge

---

[2] To the extent that petitioner is claiming that his release is warranted due to medical concerns, the court is without habeas authority to order his release from ICE custody. He may, of course, file the appropriate civil action seeking suitable relief for his alleged mental health and physical problems while detained.